**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Michelle Sifuentes**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Premier Eyecare of Arizona, Inc.**, an Arizona corporation, **Clasik Vision Care PLLC**, and **Justin D. Jones and Darcy M. Jones**, a Married Couple, | |
| Defendants. | |

Plaintiff, Michelle Sifuentes ("Plaintiff"), individually, sues Defendants, Premier Eyecare of Arizona, Inc., Clasik Vision Care, PLLC, and Justin D. Jones and Darcy M. Jones, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-

-1-

exempt employees an overtime premium for all time spent working in excess of 40 hours per week. See 29 U.S.C § 207.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

6. At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Plaintiff was a full-time, non-exempt employee of Defendants who worked for Defendants from approximately July 4, 2019 through approximately January 31, 2020.

8. At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

9. At all material times, Defendant Premier Eyecare of Arizona, Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Premier Eyecare of Arizona, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

10. Defendant Premier Eyecare of Arizona, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

11. Under the FLSA, Premier Eyecare of Arizona, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Premier Eyecare of Arizona, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Premier Eyecare of Arizona, Inc. is subject to liability under the FLSA.

12. At all material times, Defendant Clasik Vision Care, PLLC was a professional limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Clasik Vision Care, PLLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13. Defendant Clasik Vision Care, PLLC is an Arizona professional limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Under the FLSA, Defendant Clasik Vision Care, PLLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Clasik Vision Care, PLLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Clasik Vision Care, PLLC is subject to liability under the FLSA.

15. Defendants Justin D. Jones and Darcy M. Jones are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Justin D. Jones and Darcy M. Jones are owners of Premier Eyecare of Arizona, Inc. and Clasik Vision Care, PLLC, and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Justin D. Jones and Darcy M. Jones are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Justin D. Jones and Darcy M. Jones are the owners of Premier Eyecare of Arizona, Inc. and Clasik Vision

-4-

Care, PLLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Justin D. Jones and Darcy M. Jones are subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants Premier Eyecare of Arizona, Inc., Clasik Vision Care, PLLC, and Justin D. Jones and Darcy M. Jones as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Premier Eyecare of Arizona, Inc., Clasik Vision Care, PLLC, and Justin D. Jones and Darcy M. Jones.

22. At all relevant times, Defendants Premier Eyecare of Arizona, Inc., Clasik Vision Care, PLLC, and Justin D. Jones and Darcy M. Jones were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

23. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in her work for Defendants, regularly handled goods produced in interstate commerce.

27. At all relevant times, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28. At all relevant times, all Defendants were joint employers of Plaintiff.

29. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs. Inc.*, 346 F.3d 908, 917-18 (9th Cir. 2003), and employed Plaintiff.

30. Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

## **FACTUAL ALLEGATIONS**

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendants own and/or operate as Premier Eyecare of Arizona and Clasik Vision Care, optometry offices located in Maricopa County, Arizona.

33. Both Defendants Premier Eyecare of Arizona, Inc. and Clasik Vision Care, PLLC operate as optometrist offices.

34. Both Defendants Premier Eyecare of Arizona, Inc. and Clasik Vision Care, PLLC offer substantially similar, if not identical, services.

35. Both Defendants Premier Eyecare of Arizona, Inc. and Clasik Vision Care, PLLC are owned by Defendants Justin D. Jones and Darcy M. Jones.

36. Plaintiff was hired by Defendants as an optician and worked for Defendants from approximately July 4, 2019 through January 31, 2020.

37. Defendants agreed to compensate Plaintiff an hourly rate of $26.00.

38. Throughout her employment, Defendants shared Plaintiff as an employee between both of their locations.

39. Plaintiff regularly worked for Defendants at both of their locations during her regular workweeks. Plaintiff clocked in separately at each location for the hours she worked.

40. Plaintiff typically worked approximately 48 hours per week between both locations.

-7-

41. For example, during the pay period of November 10, 2019 through November 23, 2019, Plaintiff worked 57.2 hours at Premier Eyecare of Arizona, Inc. and 60.5 hours at Clasik Vision Care PLLC. Plaintiff worked a total of 117.70 hours in a two-week period, which included, at minimum, 37.7 hours of work in excess of 40 hours per week. However, Defendants compensated Plaintiff her regular hourly rate, $26.00 per hour, for all hours worked during that pay period.

42. For example, during the pay period of January 5, 2020 through January 18, 2020, Plaintiff worked 68.3 hours at Premier Eyecare of Arizona, Inc. and 17.6 hours at Clasik Vision Care PLLC Plaintiff worked a total of 85.90 hours in a two week period, which included, at minimum, 5.9 hours of work in excess of 40 hours per week. However, Defendants compensated Plaintiff her regular hourly rate, $26.00 per hour, for all hours worked during that pay period.

43. At times, Plaintiff was required to travel from one location to the other location during her lunch break to work at the second location in the afternoon. Defendants did not compensate Plaintiff for such time.

44. Rather than compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek, Defendants compensated Plaintiff at her regular hourly rate of pay for all hours worked.

45. At all relevant times, Plaintiff was a non-exempt hourly employee.

46. At all relevant times, Plaintiff was not compensated on a salary basis.

47. Throughout the duration of her employment with Defendants, Plaintiff was not a manager.

48. Throughout the duration of her employment with Defendants, Plaintiff did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

49. Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise.

50. Because Plaintiff was a non-exempt employee of Defendants, Plaintiff was entitled to receive compensation at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek for the entire duration of her employment with Defendants.

51. Defendants failed to compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per week for the duration of her employment.

52. As a result of their failure to compensate Plaintiff at least one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek, Defendants violated the FLSA, 29 U.S.C. § 207(a).

53. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the

FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

54. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

55. In a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, Plaintiff worked more than 40 hours but was not paid the applicable one and one-half times Plaintiff's regular rate of pay for time she spent working in excess of 40 hours.

56. Defendants have and continue to violate the FLSA by not paying Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a week during her regular workweeks.

57. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

58. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

59. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants willfully and improperly refused to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek.

63. As a result, Defendants failed to pay the applicable overtime wages to Plaintiff.

64. Defendants' practice of willfully and improperly refusing to pay Plaintiff one-half times her regular rate of pay for all hours worked in excess of 40 hours in a given workweek violated the FLSA, 29 U.S.C. § 207(a).

65. Plaintiff is therefore entitled to compensation for all unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Michelle Sifuentes, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

  ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff for time she spent working in excess of 40 hours per given workweek;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 9th day of December, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*